UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DARNELL CREDELL,

                                                      Plaintiff,

                                                                                                7:16-cv-00857

v.

                                                                                                (GLS/TWD)

DET. MATT DAWLEY, P.O. J. GIAQUINTO,
SGT. LAWLEE,

                                                      Defendants.
_____

APPEARANCES:

DARNELL CREDELL
Plaintiff, *pro se*
15-B-3607
Orleans Correctional Facility
3531 Gaines Basin Road
Albion, New York 14411


**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

The Clerk has sent this *pro se* Complaint together with an application to proceed *in forma pauperis* ("IFP Application") to the Court for review. (Dkt. Nos. 1-2.[1]) Plaintiff brings this civil rights action under 42 U.S.C. § 1983, naming three members of the Watertown Police Department as Defendants. (Dkt. No. 1.) Broadly construed, Plaintiff's causes of action involve unreasonable search and seizure in violation of his rights under the Fourth Amendment and

---

[1] Page references to documents identified by docket number are to the page number assigned by the Court's CM/ECF electronic docketing system.

violation of his Fourteenth Amendment right to Due Process. *Id*. at 5-7. Plaintiff has filed an application to proceed *in forma pauperis* ("IFP application") as well as the required Inmate Authorization Form. (Dkt. No. 2.)

## I.     IFP APPLICATION

Plaintiff has applied to proceed *in forma pauperis*. (Dkt. No. 2.) A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1) (2006). After reviewing Plaintiff's IFP Application, I find that Plaintiff meets this standard. Therefore, Plaintiff's IFP Application (Dkt. No. 2) is granted.

## II.    LEGAL STANDARDS FOR INITIAL REVIEW

Even when a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C. § 1915(e) directs that when a person proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). Although extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not

frivolous before permitting a plaintiff to proceed. *See, e.g.*, *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). An opportunity to amend is not required

where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## III. PLAINTIFF'S COMPLAINT

Plaintiff's first cause of action arises out of the events that occurred on February 11, 2015. (Dkt. No. 1. at 5-6.) Plaintiff alleges that on February 11, 2015, Defendant Police Officer J. Giaquinto ("P.O. Giaquinto") stopped the taxicab that Plaintiff was riding in and ordered Plaintiff to exit the vehicle. *Id*. Defendant Detective Matt Dawley ("Det. Dawley") placed Plaintiff in handcuffs, emptied his pockets, and frisked him. *Id*. According to Plaintiff, Det. Dawley then told P.O. Giaquinto to take Plaintiff to the patrol car to obtain Plaintiff's identification. *Id*. Plaintiff refused to provide Defendants with his identification until he was told the reason for his detainment. *Id*. Plaintiff alleges he was "held on the side of the road in handcuffs for [45] minutes" at which point P.O. Giaquinto drove him to police headquarters. *Id*. Once at the police station, Plaintiff claims another "detective" informed him that a search warrant had been issued for his apartment. *Id*. Plaintiff claims Defendants had no grounds to stop the taxicab, arrest him, and search his person based on a search warrant for his apartment. *Id*.

Plaintiff's second cause of action arises out of the events that occurred on March 5, 2015. *Id*. at 5. On February 26, 2015, Plaintiff was charged with Criminal Sale and Criminal Possession of Cocaine on a sealed indictment presented to the Grand Jury. *Id*. at 7. Plaintiff alleges that he was arraigned in court on March 5, 2015, but was never arrested or finger printed for those charges. *Id*. Plaintiff further claims that on March 9, 2015, he was arrested by Det. Dawley for the "possession and [sale] of crack/cocaine which I was never indicted for which is a

4

false arrest." *Id*. Plaintiff claims that the arrest constitutes a violation of his Fourteenth Amendment right to Due Process. *Id*.

For relief, Plaintiff seeks monetary damages in the amount of $1,000,000 for each cause of action. *Id*.

## IV. ANALYSIS

Plaintiff has asserted illegal search and seizure claims against Defendants Det. Dawley, P.O. Giaquinto, and Sgt. Lawlee. Plaintiff has also claimed that Det. Dawley violated his Due Process rights.

### A. Plaintiff's Illegal Search and Seizure Claims

Mindful of the Second Circuit's direction that a *pro se* plaintiff's pleadings must be liberally construed, *Sealed Plaintiff*, 537 F.3d at 191, the Court recommends that Plaintiff's § 1983 claim for illegal search and seizure against Defendants Det. Dawley and P.O. Giaquinto survives initial review and requires a response. In so recommending, the Court expresses no opinion as to whether the claim can withstand a properly filed motion to dismiss or for summary judgment.

However, Plaintiff has failed to state a claim against Sgt. Lawlee. In order to recover money damages in a civil rights action, a plaintiff must plead enough facts to make a plausible showing that a defendant was directly or personally involved in the alleged constitutional violation. *Iqbal*, 556 U.S. at 676; *Farrel v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006). Conclusory allegations without any supporting factual allegations are insufficient to state a claim. *Twombly*, 550 U.S. at 570. Plaintiff's Complaint lacks any factual allegations that plausibly show Sgt. Lawlee was connected to, or involved with, the violation of Plaintiff's constitutional rights in connection with the alleged illegal search and seizure. Therefore, the Court recommends that the

Complaint be dismissed against Defendant Sgt. Lawlee without prejudice and with leave to amend in the event Plaintiff is able to state a claim against Sgt. Lawlee under § 1983.

**B.     Plaintiff's Violation of Due Process Claim**

Broadly construed, Plaintiff's description of the events from which his violation of Due Process claim arises do not lend themselves to be interpreted as a claim. Plaintiff's facts are convoluted and it is unclear which part of the alleged events Plaintiff now claims violated his due process rights. In addition, it is unclear whom Plaintiff claims is the defendant in this claim. He names a "Det. Matt Dawley" as the defendant (Dkt. No. 1 at 5) but then ascribes all of the relevant actions to a "Det. Matt Lawley." *Id*. at 6. This may certainly be a typographical error, however a "Sgt. Lawlee" was named as a defendant prior, so it remains unclear who exactly is the subject of the second claim. *Id*.

Because Plaintiff's Complaint is devoid of any factual allegations that plausibly show any named defendant was connected to, or involved with, any alleged violation of Plaintiff's due process rights, the Court recommends that this claim be dismissed with leave to amend in the event Plaintiff is able to state a claim under § 1983 upon which relief can be granted.

**C.     Heck v. Humphrey**

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizant under § 1983. (emphasis in original).

6

Plaintiff alleges in his Complaint that he was incarcerated at Wyoming Correctional Facility. (Dkt. No. 1 at 1.) The Complaint, however, does not include allegations showing the relationship, if any, between the claims alleged in Plaintiff's Complaint and his incarceration. If Plaintiff was convicted of a crime as a result of the actions by the Defendants alleged in the Complaint, and his present incarceration is the result of that conviction, his claims are likely barred under *Heck*. However, because the relationship, if any, between the arrest alleged in the Complaint and Plaintiff's present incarceration is unclear, the Court finds that a determination under *Heck* is premature and at this point undertakes an initial review of the sufficiency of Plaintiff's claims without regard to *Heck*.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's IFP Application (Dkt. No. 2) is **GRANTED**[2]; and it is further

**RECOMMENDED**, that Plaintiff's Fourth Amendment illegal search and seizure claim be dismissed without prejudice and with leave to amend for failure to state a claim against Sgt. Lawlee; and it is further

**RECOMMENDED**, that Plaintiff's Fourth Amendment illegal search and seizure claim be allowed to proceed against Defendants Det. Matt Dawley and P.O. J. Giaquinto, and that Defendants, or their counsel, be required to file a response as provided for in Rule 12 of the Federal Rules of Civil Procedure; and it is further

---

[2] Plaintiff should note that although his IFP Application has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

**RECOMMENDED**, that Plaintiff's Fourteenth Amendment Due Process claim be dismissed without prejudice and with leave to amend for failure to state a claim; and it is further

**RECOMMENDED** that in the event the District Court allows Plaintiff to file an amended complaint, he be instructed that any amended complaint be a complete pleading that supersedes his original Complaint in all respects (and does not incorporate by reference any portion of his original Complaint). The Court further recommends that Plaintiff be directed to comply in all respects with Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure, which require, *inter alia*, that the amended complaint contain a short and plain statement of each claim showing that Plaintiff is entitled to relief, and that he state his claims in numbered paragraphs, each limited as far as practical to a single set of circumstances; and it is hereby

**ORDERED** that the Clerk serve a copy of this Order and Report-Recommendation on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs*., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: August 4, 2016
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge