UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────────

DARNELL CREDELL,

                           Plaintiff,

                                                          7:16-cv-00857

v.

                                                          (GLS/TWD)

DET. MATT DAWLEY, P.O. J. GIAQUINTO,
SGT. LAWLEE,

                           Defendants.
───────────────────────────────────────────────

APPEARANCES:

DARNELL CREDELL
Plaintiff, *pro se*
15-B-3607
Orleans Correctional Facility
3531 Gaines Basin Road
Albion, New York 14411

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

      The Clerk has sent to the Court the amended complaint submitted by *pro se* Plaintiff Darnell Credell. (Dkt. No. 10.) Plaintiff commenced this civil rights action under 42 U.S.C. § 1983, alleging violations of his rights under the Fourth and Fourteenth Amendments against three members of the Watertown Police Department. *Id*. at 1-2.[1] Having previously found Plaintiff meets the financial criteria for commencing this action *in forma pauperis* (Dkt. No. 5),

---

[1] Page references to documents identified by docket number are to the page number assigned by the Court's CM/ECF electronic docketing system.

this Court must consider the sufficiency of the allegations set forth in the amended complaint pursuant to 28 U.S.C. § 1915(e).

## I. LEGAL STANDARDS FOR INITIAL REVIEW

Even when a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C. § 1915(e) directs that when a person proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). Although extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See, e.g.*, *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## II. PLAINTIFF'S AMENDED COMPLAINT

According to Plaintiff, on February 11, 2015, over the radio, Defendant Sgt. Lawlee ("Lawlee") ordered Defendant Police Officer J. Giaquinto ("Giaquinto") to stop a taxicab and detain a black male passenger. (Dkt. No. 1 at 1.) Giaquinto then stopped the taxicab Plaintiff was riding in and ordered Plaintiff to exit the vehicle. *Id*. Once Defendant Detective Matt

3

Dawley ("Dawley") arrived at the scene, Plaintiff was searched without "probable cause." *Id*. Dawley frisked Plaintiff and emptied his pockets. *Id*. During this search, Dawley did not recover any illegal substances. *Id*.

Dawley then ordered Giaquinto to arrest and handcuff Plaintiff. *Id*. Dawley also ordered Giaquinto to secure Plaintiff's identification papers. *Id*. Plaintiff asked Giaquinto why he was being arrested, but Giaquinto did not respond. *Id*. Plaintiff was "detained" in the police car for approximately forty-five minutes before he was taken to the police station. *Id*.

At the police station, non-party Detective Golden informed Plaintiff that he "was the target of a search warrant at an address in the Watertown area." *Id*. Plaintiff asked Detective Golden why he was "a target when no charges had been levelled against" him. *Id*. Detective Golden responded that he did not know because "[i]t's not my case." *Id*.

Thereafter, "during [Plaintiff's] period of incarceration from February 11, 2015, [Plaintiff] was brought back into the Jefferson County Court and charged with Possession and Sale of Cocaine in the third degree." *Id*. Plaintiff was indicted by a Jefferson County grand jury for Criminal Possession and Sale of Cocaine in the third degree on February 26, 2015. *Id*. On March 5, 2012, Plaintiff was arraigned in Jefferson County Court. *Id*. During that appearance, Judge Martusewicz asked Plaintiff if he was prepared to hire an attorney. *Id*. According to Plaintiff, "[a] bail hearing ensued, and levelled at $50,000, and revoked because of Parole Violation Warrant." *Id*.

Plaintiff avers based "on the initial arrest (February 11, 2015) and the second set of criminal charges (March 9, 2015), there are inconsistencies abounding in the case." *Id*. According to Plaintiff, Dawley arrested Plaintiff on charges of Possession and Sale of "Crack Cocaine." *Id*. In addition, Dawley informed Plaintiff that "these charges were new offenses and

4

had no merit to the original charges." *Id*. Dawley participated in Plaintiff's booking and fingerprinting, after he "was placed under arrest." *Id*. Lastly, Plaintiff states, "please note the March 5, 2015, proceedings, that excluded a positive identification and notification of an arrest for alleged crimes." *Id*.

## III. ANALYSIS

Broadly construed, Plaintiff alleges illegal search and seizure in violation of the Fourth Amendment against Dawley, Giaquinto, and Lawlee. (Dkt. No. 1. at 1.) Plaintiff also claims Dawley violated his right to due process in violation of the Fourteenth Amendment. *Id*. at 2.

### A. Illegal Search and Seizure

Mindful of the Second Circuit's direction that a *pro se* plaintiff's pleadings must be liberally construed, *Sealed Plaintiff*, 537 F.3d at 191, the Court recommends Plaintiff's claim for illegal search and seizure against Dawley, Giaquinto, and Lawlee survives initial review and requires a response. In so recommending, the Court expresses no opinion as to whether this claim can withstand a properly filed motion to dismiss or for summary judgment.

### B. Due Process

As was the case with Plaintiff's original complaint, Plaintiff's description of the events from which his violation of due process claim arises do not lend themselves to be interpreted as a claim. Although Plaintiff has attempted to cure the defects of his original complaint, Plaintiff has failed to plead plausible facts sufficient to state a due process claim. Because Plaintiff has already been given the opportunity to amend his complaint once (Dkt. No. 5), the Court

5

recommends dismissal of Plaintiff's due process claim against Dawley with prejudice and without leave to amend.[2]

**WHEREFORE**, it is hereby

**RECOMMENDED** that Plaintiff's Fourth Amendment illegal search and seizure claim be allowed to proceed against Defendants Det. Matt Dawley, P.O. J. Giaquinto, and Sgt. Lawlee; and it is further

**RECOMMENDED** that in the event the District Court allows Plaintiff's Fourth Amendment illegal search and seizure claim to proceed, Plaintiff be directed to file with the Clerk a summons addressed to each Defendant for service of process, and it is further

**RECOMMENDED** that a formal response to Plaintiff's amended complaint be filed by Defendants or their counsel as provided for in the Federal Rules of Civil Procedure subsequent to service of process on Defendants; and it is further

**RECOMMENDED** that Plaintiff's Fourteenth Amendment due process claim against Defendant Det. Matt Dawley be dismissed with prejudice and without leave to amend for failure to state a claim; and it is further

**ORDERED** that the Clerk serve a copy of this Order and Report-Recommendation on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing

---

[2] Because this Court is recommending dismissal of Plaintiff's due process claim for failure to state a claim, this Court need not address whether this claim is barred by *Heck v. Humprhrey*, 512 U.S. 477, 786-87 (1994).

*Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: September 16, 2016
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge